IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MANOGNA DEVABHAKTUNI, ) | | |
| Plaintiff, ) | | |
| vs. ) | No. 3:19-CV-2924-E-BH | |
| ) | | |
| REBECCA RUTHERFORD, ) | | |
| Defendant. ) | Referred to U.S. Magistrate Judge[1] | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court is the plaintiff's *Application to Proceed in Forma Pauperis,* filed December 11, 2019 (doc. 3). Based on the relevant filings and applicable law, the application should be denied, the case should be summarily **DISMISSED** without prejudice unless the plaintiff timely pays the filing fee, and additional sanctions should be imposed on her for filing frivolous lawsuits.

## I.  BACKGROUND

Manogna Devabhaktuni Manogna a/k/a Devabhaktuni Manogna (Plaintiff) sues a United States Magistrate Judge who recommended that she be sanctioned for filing numerous frivolous cases planned a murder. (*See* doc. 2 at 1.) She appears to allege a claim for malpractice because a Denton County court declared that she was not mentally competent. (*Id.*) She claims that the Magistrate Judge was the "main criminal" that put her into "betrayals, malpractice, kidnaps, sexual harassment, killings, [and] rapes," and that she is supporting criminals. (*Id.* at 2-3, 5.) Attached to the complaint are copies of filings from one of the many other cases she has filed in this district, and documents relating to Child Protective Services. (*Id.* at 6, 9-20, 25, 33-38.) Plaintiff seeks leave to proceed *in forma pauperis* (IFP). (*See* doc. 3.) No process has been issued.

---

[1]By *Special Order No. 3-251*, this *pro se* case has been automatically referred for judicial screening.

## II. SANCTIONS

After filing multiple lawsuits in this district, Plaintiff was sanctioned for filing frivolous lawsuits and barred from proceeding IFP in this district:

> Plaintiff is hereby **SANCTIONED** and **BARRED** from proceeding in *forma pauperis* in any civil action in this court - whether she files the action in this court, she files it in another court and it is removed to this court, or she files in another federal court and it is transferred to this court.

*See Manogna Devabhaktuni v. Honorable David C. Godbey,* No. 3:19-CV-2216-G (BT) (N.D. Tex. Oct. 28, 2019), doc. 6 at 1. Courts observe and enforce their own sanctions orders. *Sabedra v. Meadows*, No. 3:05-CV-1304-L, 2006 WL 1499985, at *1 (N.D. Tex. May 5, 2006) (recommendation of Mag. J.), *accepted by* 2006 WL 1571669 (N.D. Tex. May 31, 2006). Based on the sanctions order in Cause No. 3:19-CV-2216-G, Plaintiff may not proceed IFP and must pay the filing fee before she may proceed with this case.

Despite the imposition of sanctions, Plaintiff has continued to file multiple frivolous lawsuits in this district against the same defendants, including judges assigned to her cases. Additional sanctions are therefore warranted in the form of a bar on filing any additional lawsuits in this district unless she first obtains leave of court and pays the applicable filing fee.

## III. RECOMMENDATION

Because Plaintiff is subject to the sanctions order in Cause No. 3:19-CV-2216-G, her application to proceed *in forma pauperis* in this case should be **DENIED**, and her claims should be summarily **DISMISSED** without prejudice unless she pays the full filing fee[2] prior to acceptance of this recommendation, or before a deadline otherwise established by the Court.

---

[2] As of May 1, 2013, a $50 administrative fee will be assessed in addition to the $350 filing fee, resulting in a total filing fee of $400 for a civil action in which the plaintiff has not sought or been granted leave to proceed *in forma pauperis*. *See* District Court Miscellaneous Fee Schedule.

Additional sanctions should also be imposed, and Plaintiff should be **BARRED** from filing *any* future lawsuits to the Northern District of Texas unless she first obtains leave of court from a district judge or magistrate judge through a proper motion for leave to file and pays the applicable filing fee. A proper motion for leave to file an action should be titled as a "Motion for Leave of Court to File Action" and must be accompanied by a copy of Plaintiff's proposed filing containing her original signature or that of her attorney and the applicable filing fee. Any future action submitted by Plaintiff for filing, either directly or indirectly by transfer, that is not accompanied by a proper motion for leave to file and the applicable filing fee should be docketed for administrative purposes only, and the case should be closed after placing a copy of the judgment in this case in the case file. Filings, other than a proper motion for leave or a notice of appeal, that are unaccompanied by a proper motion for leave to file and the applicable filing fee should not otherwise be addressed or acknowledged by the Court.

**SO RECOMMENDED this 16th day of December, 2019.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE